## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17CR304 RLW |
| | ) |
| JOHN DAILEY, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant John Dailey's Emergency Motion for

Reduction in Sentence and for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)

("Motion"). (ECF No. 171) The Motion is fully briefed and ready for disposition.

## **BACKGROUND**

On July 6, 2017, Dailey pleaded guilty to one count of health care fraud in violation of 18

U.S.C. § 1347(a)(1) and 18 U.S.C. § 2 and one count of false statements concerning health care

in violation of 18 U.S.C. § 1035(a)(2) and 18 U.S.C. § 2. (ECF No. 5) On July 27, 2017, Dailey

was diagnosed with a rare a type of non-Hodgkin's cutaneous T-cell lymphoma, specifically,

follicular mycosis fungoides. (ECF No. 18) The Court granted Dailey's motion to continue his

sentencing hearing so that he could provide additional information about his condition and

developing treatment. (ECF No. 20)

On November 15, 2017, the Court sentenced Dailey to a term of 27 months

imprisonment. The Court based its decision on the information regarding Dailey's medical

condition available at the time. The Court also ordered Dailey to surrender for service of his

sentence at the institution designated by the Bureau of Prisons as notified by the United States Marshal. (ECF No. 37)

On November 29, 2017, Dailey filed a Notice of Appeal. (ECF No. 41) After oral argument, the Eighth Circuit granted the Government's motion to vacate this Court's judgment and remand the case for a full resentencing to consider any potential impact Dailey's further developing medical condition and treatments had on his sentence. (ECF No. 99)

On June 7, 2019, the Court conducted a resentencing hearing. On remand, Dailey argued the Court should exercise its discretion and grant a downward departure based on his medical condition. The Court considered the parties' memoranda as well as Dailey's voluminous medical records. Additionally, the Government offered expert testimony during the hearing from Dr. Paul Timothy Harvey, who is the Regional Medical Director for the North Central Region of the Bureau of Prisons ("BOP"), regarding the BOP's capability to treat Dailey if the Court were to sentence him to custodial imprisonment. The Court found that a sentence of 27 months, which was the low end of the Guideline range, was sufficient but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a). The Court declined to depart downward pursuant to Sentencing Guidelines Section 5H1.4. Specifically, the Court stated that it found "that the defendant's current diagnosis and treatment does not evidence an extraordinary physical condition that warrants departing downward pursuant to U.S. Sentencing Guidelines Section 5H1.4. Further, the government has presented persuasive expert testimony that the BOP will be able to adequately continue the defendant's treatment during his confinement." (ECF No. 140, at 66)

Dailey, again, filed an appeal of the sentence imposed by this Court on June 24, 2019. (ECF No. 146) Subsequent to filing his second appeal, Defendant filed a Motion for Bond

Pending Appeal and for Stay of Sentence and Judgment. (ECF No. 144) The Court denied that request (ECF No. 154), and the BOP directed Dailey to surrender to Butner Low FCI in North Carolina on September 13, 2019 (ECF No. 161). Dailey failed to surrender as ordered, and the Court issued a bond violator's warrant for his arrest that same day. (ECF No. 164) On September 22, 2019, Dailey was located at a psychiatric hospital in Las Vegas, Nevada after an apparent suicide attempt. (ECF No. 166; 171 at 15) Thereafter, he was released from the hospital and taken into federal custody. (ECF No. 166) Dailey's second appeal is currently pending and was on the Eighth Circuit's April 2020 no-argument docket.

In the instant Motion (ECF No. 171), Dailey seeks a reduction in his sentence to time served with any conditions the Court requires added to supervised release, including a period of home confinement. He argues his medical condition establishes an extraordinary and compelling reason for the Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Government opposes the Motion. (ECF No. 174) Dailey has also filed a reply in response to the Government. (ECF No. 179)

## **LEGAL STANDARD**

The First Step Act of 2018 was enacted on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194. As amended by the First Step Act, the compassionate release statute, 18 U.S.C. § 3582(c), provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that--
>
> (1) in any case--
>
> > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant *after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility*, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or

> supervised release with or without conditions that does not exceed
> the unserved portion of the original term of imprisonment), after
> considering the factors set forth in section 3553(a) to the extent
> that they are applicable, if it finds that--
>
> (i) *extraordinary and compelling reasons warrant such a
> reduction*; or
>
> . . .
>
> and that such a reduction is consistent with applicable policy
> statements issued by the Sentencing Commission[.]

(Emphasis added).

It is the task of the United States Sentencing Commission ("the Commission") to describe

what is considered an extraordinary and compelling reason. 28 U.S.C. § 994(t); *see also White v.*

*United States*, 378 F. Supp. 3d 784, 785 (W.D. Mo. 2019). The Commission sets out a

description in U.S.S.G. § 1B1.13, which provides that the Court may grant release if

"extraordinary and compelling circumstances" exist, "after considering the factors set forth in 18

U.S.C. § 3553(a), to the extent that they are applicable," and the Court determines that "the

defendant is not a danger to the safety of any other person or to the community, as provided in 18

U.S.C. § 3142(g)." In application note 1 to § 1B1.13, the Commission identifies "extraordinary

and compelling reasons" to include the following: (A) the medical condition of the defendant;

(B) the defendant's age (at least sixty-five years old); (C) family circumstances such as the death

or incapacitation of the caregiver of the defendant's minor children; or (D) other reasons as

determined by the Director of the BOP other than, or in combination with, the reasons described

in subdivisions (A) through (C). It is a defendant's burden to prove a sentencing reduction is

warranted. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

## **DISCUSSION**

Dailey claims he has not received adequate treatment for his mycosis fungoides since his incarceration began. Additionally, he argues that his continued incarceration risks his exposure to COVID-19. While the COVID-19 pandemic is impacting people of all demographics, health experts warn that older adults and people with serious underlying medical conditions might be at higher risk for severe illness. *Coronavirus Disease 2019 (COVID-19): People Who Are at Higher Risk for Severe Illness*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited Apr. 16, 2020). Consequently, Dailey contends his that his age (he is currently sixty-two years old), mycosis fungoides, and general ill-health have rendered him immunocompromised and particularly susceptible to possibly deadly complications if he were to contract COVID-19 while in prison.

As an initial matter, the Government argues it is unclear whether this Court has jurisdiction to modify Dailey's sentence as requested in his Motion in light of the pending appeal. *See Liddell v. Bd. of Educ.*, 73 F.3d 819, 822 (8th Cir. 1996) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)) ("As a general rule: a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously."). Dailey disagrees and argues there is no jurisdictional issue because the pending appeal concerns the reasonableness of the Court's sentence as imposed on June 7, 2019, and not whether his sentence should be reduced pursuant to 18 U.S.C. § 3582(c). *See id.* ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court or its control *over those aspects of the case involved in the appeal*."). The Court is unconvinced. The instant Motion seeks to reduce Dailey's sentence based on his medical condition, which is at the heart of his appeal still pending

- 5 -

before the Eighth Circuit. Nevertheless, given the unique nature of the circumstances underlying the request, the Court will proceed to rule on the Motion.

Dailey argues his mycosis fungoides and overall ill-health establishes an extraordinary and compelling reason to reduce his sentence, especially in the context of the COVID-19 pandemic. Pursuant to application note 1 of U.S.S.G. § 1B1.13, the Commission defines extraordinary and compelling reasons for a sentence reduction to include a defendant who is "suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required." Dailey asserts that the BOP oncologist has corroborated his diagnosis of mycosis fungoides and has found that he suffers from an incurable illness with a trajectory towards death. (Ex. J at 2 & 14, ECF No. 171-10)

The Government argues Dailey has not demonstrated he suffers from a terminal illness as defined by the Commission. As explained below, Dailey's request for reduction in sentence and compassionate release has been twice denied internally within the BOP. The BOP's policy statement on compassionate release, as modified subsequent to passage of the First Step Act, provides that reduction in sentence consideration "may be given to inmates who have been diagnosed with a terminal, incurable disease and whose life expectancy is eighteen (18) months or less, and/or has a disease or condition with an end-of-life trajectory under 18 USC § 3582(d)(1)." BOP, *Program Statement No. 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)*, § 3(a), https://www.bop.gov/policy/progstat/5050_050_EN.pdf (Jan. 17, 2019). The warden of Butner Medical Center and the mid-Atlantic regional director denied Dailey's request because the

- 6 -

median life expectancy for people with his stage of mycosis fungoides is greater than eleven years. (Ex. B, ECF No. 171-2; Ex. G, ECF No. 171-7)

Daily argues the BOP's reliance on an eighteen-month line of demarcation is outdated and ignores the fact that the same policy provides relief for an inmate with an end-of-life trajectory of eighteen months or less "*and/or* has a disease or condition with an end-of-life trajectory under 18 USC § 3582(d)(1)." *Id.* (emphasis added). Because the BOP's oncologist has confirmed Dailey's diagnosis of mycosis fungoides is incurable and has trajectory towards death (Ex. J at 2 & 14, ECF No. 171-10), Dailey concludes he meets the criteria for relief due to a terminal illness.

However, the Government also argues the Motion must be denied because Daily has failed to *fully* exhaust his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A). On November 20, 2019, approximately two weeks after arriving at Butner, Dailey submitted his Application for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A). (Ex. A, ECF No. 171-1) On December 18, 2019, the warden of Butner, T. Scarantino, denied Dailey's request for a reduction in sentence. (Ex. B, ECF No. 171-2) The letter explaining Warden Scarantino's decision also explained that Dailey had the right to appeal the decision via the "Administrative Remedy Process" and to file a request for a reduction in sentence with the sentencing court after receiving a BP-11 response or the lapse of thirty days from the receipt by the warden's office of such a request. (*Id.*) On December 27, 2019, Dailey appealed the denial of his request (Ex. C, ECF No. 171-3), which Warden Scarantino denied on January 3, 2020 (Ex. D, ECF No. 171-4). On January 21, 2020, Dailey's counsel submitted an appeal to Mid-Atlantic Regional Director D.J. Harmon (Ex. E, ECF No. 171-5), which as was denied on February 12, 2020 (Ex. G, ECF No. 171-7). On March 10, 2020, Dailey's counsel sent via FedEx overnight an appeal of

Regional Director Harmon's denial of his request to the BOP Director Michael Carvajal. (Ex. H, ECF No. 171-8)  On March 18, 2020, the appeal was rejected and the box containing the documents sent by Dailey's counsel was returned to Dailey along with a letter.[1]  The rejection letter explained that the twelve-page continuation sheets did not comply with the requirements for the appeal packet, which is limited to one continuation page.  Daily did not attempt to refile his appeal to BOP Director Carvajal.  Accordingly, the Government argues Dailey did not *fully* exhaust his available administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A) before he filed the instant Motion on April 6, 2020.  (ECF No. 171)

Dailey argues the exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) is non-jurisdictional and, thus, can be waived. *See Ace Prop. & Cas. Ins. Co. v. Fed. Crop Ins. Corp.*, 440 F.3d 992, 996 (8th Cir. 2006) ("Under a jurisdictional statute, exhaustion of administrative remedies cannot be excused or waived and the failure by a party to exhaust is a jurisdictional bar. In contrast, a non jurisdictional statute codifies the common law exhaustion principle under which exhaustion of administrative remedies is favored, but may be excused by a limited number of exceptions to the general rule.").  He contends he should not be required to further attempt to exhaust his administrative remedies because any attempt would be futile in light of the pandemic.  Specifically, he argues that neighboring counties in North Carolina have experienced recent increases in COVID-19 cases.  The Court also notes that, as of the date of this Memorandum and Order, fourteen inmates at Butner Low FCI[2] have tested positive for

---

[1] Due to precautions put in place to combat the spread of COVID-19, Dailey's counsel was unable to attach a copy of this rejection letter.  (ECF No. 171 at 8 n.5)  The Government does not dispute the existence or contents of the letter.  Accordingly, given the circumstances, the Court assumes the parties' description is accurate.

[2] Dailey cites the positive COVID-19 case numbers and deaths at other locations within the Butner complex.  The Court, however, finds the relevant figures to be the ones reflective of the facility in which Dailey is actually housed.

- 8 -

COVID-19 and are in an isolation unit that is physically separated from the rest of the prison population. *COVID-19*, BOP, https://www.bop.gov/coronavirus/ (select "Full breakdown and additional details" under the "COVID-19" section heading to view a list of COVID-19 cases at each BOP facility) (last updated Apr. 15 2020). Because of the rapidly expanding nature of the pandemic and his increased possibility of fatal illness, Dailey argues he should not be required to make any further attempt to exhaust his remedies.

The Court recognizes the seriousness of the current health emergency posed by the COVID-19 pandemic. The law, however, is clear: absent statutory authority, the Court cannot reduce a final sentence. 18 U.S.C. § 3582(c)(1)(A)(i) and U.S.S.G. § 1B1.13 provide authority for a court to reduce a sentence if the defendant establishes that he or she suffers from a terminal illness but only after that defendant has "*fully* exhausted all administrative rights."

On April 3, 2020, the Attorney General issued new directives to the BOP in light of the COVID-19 epidemic and the recently enacted Coronavirus Aid, Relief, and Economic Security (CARES) Act. *Memorandum for Director of Bureau of Prisons* (Apr. 3, 2020), https://www.justice.gov/file/1266661/download. The Attorney General formally found that "emergency conditions are materially affecting the functioning of the Bureau of Prisons" and, as a result, he was directing the BOP to "immediately review all inmates who have COVID-19 risk factors." *Id.* The BOP is to immediately process suitable candidates for home confinement, and the Attorney General notes that "time is of the essence." *Id.*

Dailey first filed his request for reduction in sentence and for compassionate release on November 20, 2019. His most recent attempt to exhaust his administrative remedies available within the BOP was rejected on March 18, 2020, due to his counsel's twelve-page submission that was not in compliance with BOP's apparent one-page filing rule. The Third Circuit has

recently held that "strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance" in the context of the current COVID-19 pandemic. *United States v. Raia*, No. 20-1033, 2020 WL 1647922, at \*2 (3d Cir. Apr. 2, 2020). The Court agrees. In addition to Dailey not exhausting his administrative remedies, the BOP has new directives for evaluating inmates who are deemed more susceptible to contracting COVID-19. The BOP should have the opportunity to consider Dailey's case before judicial intervention.

The Court, therefore, strongly encourages Dailey to resubmit his appeal to BOP Director Carvajal and to comply with the BOP's filing requirements. **The Court respectfully requests any potential issue related to the timeliness of Dailey's resubmission be waived by the BOP.** Until Dailey has fully exhausted these administrative remedies, the Court may not consider his request.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant John Dailey's Emergency Motion for Reduction in Sentence and for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 171) is **DENIED without prejudice.**

Dated this 20th day of April, 2020.

RONNIE L. WHITE
**UNITED STATES DISTRICT JUDGE**